THOMAS J. LUTTRELL

v.

SARAH J. CARUTHERS.

</div>

LANDLORD AND TENANT.—Appellant rented land of appellee's husband for a term. The husband shortly after absconded, and afterwards appellant and appellee, who claimed the rent due upon the lease, submitted the question of rent and termination of the lease to arbitrators, who found in favor of appellee and fixed the period for expiration of the term. Appellant afterwards took a new lease from the husband for a longer term, and appellee brought suit in forcible detainer against appellant based upon the decision of the arbitrators. *Held*, that appellant could not attorn to appellee without subjecting himself to a suit by the husband; that the arbitration and award gave appel-

lee no right to the possession, and she having shown no title or right of possession, could not maintain this action against appellant.

APPEAL from the County Court of Morgan county; the Hon. E. P. KIRBY, Judge, presiding. Opinion filed January 13, 1880.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT and Mr. J. H. KELLOGG, for appellant; against the right of appellee to maintain this action, cited Rev. Stat. 1874, 535, § 2.

Mr. GEORGE W. SMITH and Mr. WM. H. BARNES, for appellee.

McCULLOCH, J.    In the year A. D. 1877, appellant rented certain land of one Amos B. Caruthers, who was the owner thereof, and continued to occupy the same until November 21, A. D. 1878, when this suit was commenced against him by appellee, to recover the possession.    It appears from the evidence that some time in January, A. D. 1878, said Amos B. Caruthers left the State, and that suits in attachment were commenced by several of his creditors, and appellee was garnisheed for the rent coming from him to said Caruthers.    We do not learn from the evidence whether the rent was payable in grain or in money, but it does appear that in consequence of these garnishee proceedings one R. C. Curtiss was appointed custodian of the crops, and that under his direction appellant threshed the wheat and placed the money in the bank to the credit of said Curtiss.    Appellee had also caused a distress warrant to be levied on the crops for rent.    By permission of appellant she had also been permitted to furnish and occupy a room in the house on said farm, in order to save a homestead from her husband's creditors.    On the 9th day of August, A. D. 1878, appellant and appellee entered into a written agreement under seal, whereby they submitted the matters in difference, growing out of the rent of said farm, both as to the amount of rent to be paid, and also when appellant should give possession to said Curtis and one William Brian, with full power to settle said matters of difference between them.    On the same day, said arbitrators awarded that appellant should pay appellee three hun-

dred dollars, less seventy-five dollars, in consideration of appellant's giving said possession of the premises on or before the first day of November, 1878. Also that appellee should release appellant from said garnishee proceedings, by settling the claims for which they were issued, out of money in the hands of said Curtiss. On the same day both appellant and appellee accepted the said award by an indorsement thereon in writing signed by them. Curtiss testifies he paid up all of said claims from the money in his hands as custodian, which fact is admitted by appellant, except as to the sum of $7.05. Appellant also says he paid all the balance of the rent due for that year, and more too, to other creditors of said Amos B. Caruthers. On the twenty-fifth day of July, A. D. 1878, said Caruthers gave his brother George an order on appellant for three hundred and fifty dollars, for that year's rent, under which order said George A. Caruthers made a demand upon appellant for the rent, but it does not seem to have been paid.

It seems very probable from the evidence that this demand was made before the ninth day of August, and that the arbitration was set on foot in consequence thereof. On the 28th of August, said Amos B. Caruthers executed a writing whereby he authorized his brother George to rent and collect the rent on said farm for from one to five years, and under the authority so conferred, said George A. Caruthers executed a lease to appellant, dated the thirteenth day of September, whereby he rented the land to appellant from the date of said lease until the first day of March, A. D. 1880, for which appellant was to pay as rent for the premises, two hundred and twenty-five dollars on or before the first day of November, A. D. 1879, and to deliver up possession of said premises to said Caruthers on the first day of March, A. D. 1880. On the fourth day of November, A. D. 1878, appellee caused a notice to be served upon appellant, that in consequence of the expiration of his term of lease and in consequence of his failure to give possession on the first day of November, 1878, she had elected to determine his lease, and he was notified to deliver up possession to her within ten days. Appellant having failed to deliver possession pursuant to said notice, appellee on the twenty-first day of

November, 1878, commenced suit before a justice of the peace against appellant in an action of forcible detainer to recover possession of said premises. Judgment was rendered by the justice against appellant, whereupon he took an appeal to the county court, where a trial was had before a jury, and judgment again rendered against appellant, from which judgment he now prosecutes this appeal.

The whole case rests upon the theory that by the submission to arbitration of the matters in difference between appellant and appellee, by the award and the acceptance and performance thereof, the relation of landlord and tenant was established between them; and that in consequence of appellant's refusal to surrender possession to her, appellee, on the first day of November, A. D. 1878, the right to bring this suit accrued to her. We cannot accede to this theory of the case. Appellant went into possession of the premises as tenant of appellee's husband, who then was and continued, when this suit was brought, to be the owner of the land. Appellant could not attorn to appellee, without subjecting himself to a suit for forcible detainer by the husband, unless appellee had by some means succeeded to the title or right of possession of her husband. This is not shown. Nor is it shown that appellant ever attempted to attorn to her by paying rent, taking a lease, or in any other manner. The award and the acceptance thereof do not amount to an acknowledgment of appellee as landlord, and if they did, appellant had a right to resume his tenancy to the husband who was the real owner and entitled to the possession, and under whom appellant had received possession in the first instance. Appellee has therefore wholly failed to show any right of action, and for this reason the judgment of the court below is reversed.

Reversed.